UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NUSRET HALILOGLU,

        Petitioner,

    v.

PHILIP RHONEY, *in his official capacity as Acting Field Director of the Buffalo Field Office of the United States Immigration and Customs Enforcement*; *et al.*,

        Respondents.

26-CV-0769-MAV
ORDER

On April 19, 2026, Petitioner Nusret Haliloglu – through counsel – filed a verified petition for a writ of habeas corpus seeking relief under 28 U.S.C. § 2241 for alleged violations of his rights under the Fourth Amendment, the Fifth Amendment, and the Administrative Procedure Act ("APA"). ECF No. 1. The Court ordered Respondents to show cause why the petition should not be granted, and Respondents conceded that the instant case shared a common question of law with the Court's decision in *Da Cunha v. Freden,* No. 25-CV-6532-MAV, 2025 WL 3280575 (W.D.N.Y. Nov. 25, 2025), *aff'd*, No. 25-3141-pr, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). ECF Nos. 2, 10. Accordingly, the Court found that Petitioner's detention was governed by 8 U.S.C. § 1226(a), and ordered Respondents to provide Petitioner with a bond hearing as established by existing federal regulations. ECF No. 13.

Thereafter, Respondents notified the Court that Petitioner's bond hearing was held on May 13, 2026, and that the presiding Immigration Judge ordered Petitioner

released on $5,000 bond. ECF No. 14. Notwithstanding his eligibility for bond, Petitioner continues to seek declaratory relief on his claims alleging violation of his substantive due process rights (Count II), his rights under the APA (Count III), and his right to be free from unreasonable searches and seizures (Count IV). ECF No. 16.

As the Second Circuit has recognized, federal district courts have broad discretion to decline jurisdiction under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, based on the consideration of the following factors:

> (1) whether the [declaratory] judgment [sought] will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether [such] a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy, . . .; and (6) whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction . . . .

*Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99–100 (2d Cir. 2023) (internal quotation marks and citations omitted). "Inherent in district courts' broad . . . discretion to decline jurisdiction under the DJA . . . is a similarly broad discretion to weigh the factors" the Second Circuit has enumerated. *Id.* at 100 (internal quotation marks and citation omitted). "[N]o one factor is sufficient, by itself, to mandate that a district court exercise – or decline to exercise – its jurisdiction to issue a declaratory judgment." *Id.*

Here, the Court has thoroughly considered Petitioner's and Respondents' arguments and supporting caselaw on this issue, as well as each of the factors identified by the Second Circuit as relevant to the decision to decline jurisdiction

under the DJA, and finds good cause to decline jurisdiction to award declaratory relief in this action. With respect to the first two factors, the Court notes that the principal issue in this matter – the legality of Petitioner's detention without a bond hearing – has been resolved by the Court's prior order [ECF No. 13]. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("It is clear, not only from the language of [§] 2241(c)(3) . . . , but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). Moreover, the Court finds that its prior order [ECF No. 13] is a more effective remedy than declaratory judgment, and that concerns for judicial efficiency and judicial economy favor declining the exercise of jurisdiction under the DJA in this matter.

Accordingly, the petition is dismissed without prejudice to Petitioner's pursuit of his constitutional claims in a separate civil action. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:       June ___5___, 2026
             Rochester, New York

_____
HON. MEREDITH A. VACCA
United States District Judge

3